UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THERESA WRIGHT

                              Plaintiff,

     v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                             Defendant.

**DECISION
and
ORDER**

**18-CV-01010-LGF
(consent)**

---

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER
                                 Attorneys for Plaintiff
                                 BRANDI SMITH, of Counsel
                                 6000 Bailey Avenue
                                 Suite 1A
                                 Amherst, New York 14226

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant
                                 KRISTIN M. ROGERS
                                 Special Assistant United States Attorney, of Counsel
                                 c/o Social Security Administration
                                 Office of the General Counsel
                                 61 Forsythe Street, S.W.
                                 Suite 20T45
                                 Atlanta, GA 30303
                                     and
                                 DAVID BROWN
                                 Social Security Administration
                                 Office of the General Counsel, of Counsel
                                 26 Federal Plaza, Room 3904
                                 New York, New York 10278

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

**JURISDICTION**

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order. (Dkt. No. 13). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 7, 2019, by Plaintiff (Dkt. No. 9), and on July 2, 2019, by Defendant (Dkt. No. 11).

**BACKGROUND and FACTS**

Plaintiff Theresa wright ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying her application for Supplemental Security Income ("SSI") benefits under Title II of the Act ("disability benefits"). Plaintiff, born September 2, 1966 (R. 28),[2] has a high school education, and alleges that she became disabled on January 1, 2014, when she stopped working as a result of depression and anxiety. (R. 180).

Plaintiff's application for disability benefits was initially denied by Defendant on June 11, 2014 (R. 85), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Bryce Baird ("Judge Baird" or "the ALJ"), on November 15, 2016, in Buffalo, New York, where Plaintiff appeared *pro se* and testified. (R. 53-77).

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on March 8, 2018 (Dkt. No. 7).

Vocational Expert Kenneth Broudy ("the VE" or "VE Broudy"), also appeared and testified. The ALJ's decision denying Plaintiff's claim was rendered on June 30, 2017. (R. 17-30). Plaintiff requested review by the Appeals Council, and on July 17, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on September 14, 2018, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Dkt. No. 1).

On May 7, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 9-1) ("Plaintiff's Memorandum"). Defendant filed, on July 2, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). On July 23, 2019, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 12). Oral argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law

judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence. *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3). "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v.*

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

*Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[4] 42 U.S.C. §§ 423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past

---

[4] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of bipolar disorder, depression, post-traumatic stress disorder ("PTSD"), and sciatica.[5] (R. 19). The ALJ further determined that Plaintiff's impairments do not meet or medically equal a listed impairment (R. 21), and that Plaintiff had the residual functional capacity to perform light work with limitations to occasionally lifting and carrying up to 20 pounds, frequently lifting and carrying up to 10 pounds, sitting, standing and walking up to six hours in an eight-hour workday, occasionally climbing ramps and stairs, no climbing

---

[5] Sciatic refers to back pain caused by a problem with the sciatic nerve.

ladders, ropes, or scaffolds, limited to environments with no exposure to irritants such as odors, fumes, dust, gas, or poor ventilation, simple routine tasks that can be learned after a short demonstration or within 30 days, no production or pace work, or more than superficial interaction with the public, occasional interaction with co-workers, and no teamwork such as working on a production line. (R. 24). Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

**E. <u>Residual functional capacity</u>**

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional

capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity. *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984). Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints. G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972). To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id*. at 294.

An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296.

In this case, the ALJ found that Plaintiff had the residual functional capacity to perform light work with limitations to occasionally lifting and carrying up to 20 pounds, frequently lifting and carrying up to 10 pounds, sitting, standing and walking up to six hours in an eight-hour workday, occasionally climbing ramps and stairs, no climbing ladders, ropes, or scaffolds, limited to environments with no exposure to irritants such as odors, fumes, dust, gas, or poor ventilation, simple routine tasks that can be learned after a short demonstration or within 30 days, no production or pace work, or more than superficial interaction with the public, occasional interaction with co-workers, and no teamwork such as working on a production line. (R. 24).

Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is erroneous, as the ALJ failed to supplement the record with treatment records from Medical Care of Western New York prior to August 2015, where Plaintiff was treated by Michael D. Calabrese, M.D. ("Dr. Calabrese"), and Urban Family Medicine where Plaintiff was treated by Raul Vasquez, M.D. ("Dr. Vasquez"), for the period between January 1, 2014 and July 2015. Plaintiff's Memorandum at 9-13. Plaintiff alleges that such error results in a gap in the record and results in a residual functional capacity unsupported by substantial evidence. Plaintiff's Memorandum at 13-19. Defendant

maintains that the ALJ was not required re-contact Dr. Calabrese upon receiving a "return to sender" notification in the mail, had no indication that the records from Urban Family Medicine were incomplete, and that Plaintiff's testimony that she had no trouble walking or sitting excused the ALJ from further inquiry into Plaintiff's physical limitations. Defendant's Memorandum at 8-13. Defendant's argument is insufficient to require remand.

The ALJ's determination that Plaintiff had a severe impairment of sciatica during step two of the disability review analysis (R. 19), heightens the ALJ's duty to ensure the completeness of the record and develop Plaintiff's complete medical history for the 12 months preceding January 1, 2014, the month in which Plaintiff filed her disability application. *See* 20 C.F.R. § 404.1512(d)(1)(2). "[W]here there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history even when the claimant is represented by counsel or a paralegal." *Guillen v. Berryhill*, 697 Fed. App'x. 107, 108 (2d Cir. 2017) (quoting *Brault v. Social Security Administration, Commissioner*, 683 F.3d 443, 337 (2d Cir. 2012)). Lack of sufficient evidence to support the ALJ's findings regarding Plaintiff's sciatica frustrates the undersigned's ability to conduct a meaningful review to determine whether the ALJ's findings are supported by substantial evidence and requires REMAND. Upon remand, the ALJ is directed to re-contact Dr. Vasquez's office for medical records dated January 1, 2014 to August 17, 2015, identify a correct mailing address for Dr. Calabrese and request medical records for Plaintiff's treatment with Dr. Calabrese from January 1, 2014, until June 30, 2017, the date of the ALJ's decision, afford Plaintiff with the opportunity to further supplement the record with medical records regarding Plaintiff's

sciatica impairment, reassess Plaintiff's residual functional capacity assessment including limitations from Plaintiff's sciatica impairment, and, if warranted by the expanded record, obtain testimony from a vocational expert to clarify any additionally assessed limitations on Plaintiff's ability to work and jobs available in the national economy.

Mindful of the often painfully slow process by which disability determinations are made, the Second Circuit instructs that some evaluation of relative hardship to a claimant of further delay should be considered, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), district courts may therefore "when appropriate set a time limit for action by the administrative tribunal, and this is often done." *Zambrano v. Califano,* 651 F.2d 842, 844 (2d Cir. 1981) (citing cases). *See also Michaels v. Colvin*, 621 Fed.Appx. 35, 41 (2d Cir. Aug. 14, 2015) (directing upon remand for further fact-finding at step five that given eight years had elapsed since the plaintiff filed for disability benefits, the further administrative proceedings were to be completed within 120 days, with the Commissioner's final decision to be rendered within 60 days of any appeal by the plaintiff from the ALJ's decision, and citing *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (imposing time limit on remand where "the past delay is of such magnitude – years – that a time limit is imperative") *as amended on reh'g in part*, 416 F.3d 101, 106 (2d Cir. 2005) (providing that if deadlines for further administrative proceedings at the fifth step, on which the Commissioner bears the burden of proof, are not met, "a calculation of benefits owed [plaintiff] must be made immediately)).

Plaintiff filed her application for disability on March 18, 2014. (R. 17). As it has been more than five years since Plaintiff first filed her application for disability, further

delay for remand is a hardship this Plaintiff should not bear. The Commissioner's remand order should therefore be completed within 120 days of this Decision and Order. *See McGee v.* Berryhill, 354 F.Supp.3d 304, 313 (W.D.N.Y. Dec. 18, 2018) (citing *Dambrowski v. Astrue,* 590 F.Supp.2d 579, 588 (S.D.N.Y.) (imposing a time limit of 120 days for subsequent proceedings when five years had passed since Plaintiff filed his application)).

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 9) is GRANTED; Defendant's motion (Doc. No. 11) is DENIED, and the matter is REMANDED for further proceedings consistent with this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  October 15, 2019
        Buffalo, New York